UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEAN HOWARD, )<br>)<br>Defendant. ) | Case No. 1:18-cr-00270-TWP-MJD |

**ENTRY ON GOVERNMENT'S MOTION IN LIMINE**

This matter is before the Court on the Government's Motion *in Limine* Filed Pursuant to Rule 609 of the Federal Rules of Evidence ([Filing No. 50](#)). Defendant Sean Howard ("Howard") is presently scheduled for jury trial on July 27, 2020, on one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The Government moves to offer into evidence certain of Howard's prior convictions pursuant to Federal Rule of Evidence 609, to impeach Howard should he choose to testify. Howard did not respond to the Motion. For the reasons set forth herein, the court **grants** the Government's Motion *in Limine*.

## I.   BACKGROUND

On July 3, 2018, the Indianapolis Metropolitan Police Department responded to a "trouble with a person" dispatch at 1426 Herschell Avenue in Indianapolis, Indiana. ([Filing No. 2 at 3](#).) There, officers discovered five males on the porch, one of whom was Howard. The responding officer observed a firearm lying on a white t-shirt next to Howard, who was shirtless. The shirt was a size 6XL, consistent with Howard's size. The firearm was sent to the Marion County Latent Print Examiner after having been processed and tested for DNA and fingerprints, and the prints were allegedly identified as being made by Howard. ([Filing No. 2 at 4](#).)

The Government asserts the following convictions are subject admission under Rule 609:

On July 29, 2008, Howard was convicted of felony Armed Robbery in Marion County, Indiana under cause number 49G03-0712-FB-274966 and was sentenced to 8 years imprisonment and 2 years of community corrections. His release date was April 9, 2012. A probation violation was filed, and Howard was returned to prison. Howard's release date on the violation was March 22, 2016. (Filing No. 2 at 4; Filing No. 50 at 2.)

On July 29, 2008, Howard was convicted of felony Armed Robbery in Marion County, Indiana under cause number 49G03-0802-FB-047284 and was sentenced to 8 years imprisonment and 2 years of community corrections to run concurrent to 49G03-0712--FB- 274966. His release date was April 9, 2012. A probation violation was filed, and Howard was returned to prison. His release date on the violation was March 22, 2016. (Filing No. 2 at 4; Filing No. 50 at 2.)

On December 28, 2012, Howard was convicted of felony Battery in Marion County, Indiana under cause number 49G03-1207-FB-050257 and sentenced to 5 years imprisonment. His release date was June 8, 2016. (Filing No. 2 at 4; Filing No. 50 at 2.)

## II.  LEGAL STANDARD

This Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials). *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## III.  DISCUSSION

Federal Rule of Evidence 609 allows the admission of evidence of a prior criminal conviction when used to impeach a witness, but different standards apply depending on whether

the prior conviction is more or less than ten years old.  Rule 609(a)(1)(B) states that when attacking a witness' truthfulness, "evidence of a criminal conviction… must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant."  But:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later, [then the] [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).  Thus, within the ten-year lookback period, the conviction's probative value must outweigh the prejudicial effect.  And beyond ten years, the conviction's probative value must *substantially* outweigh the prejudicial effect.  A limiting instruction which tells the jury that the prior convictions may only be used in determining the credibility of the defendant reduces the prejudicial effect of admission.  *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

The Seventh Circuit has outlined a five-factor test to aid the district court when determining whether the probative value of a prior conviction outweighs its prejudicial effect.  The factors include:  (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.  *United States v. Mahone*, 537 F.2d. 922 (7th Cir. 1976) (*see Gordon v. United States*, 383 F.2d 936, 939 (D.C. Cir. 1967).  These five factors are a guide to the discretion of the district court, and the Court's decision to allow or exclude the use of the prior conviction will be reviewed only for an abuse of discretion.  *Hernandez*, 106 F.3d at 740.

Balancing the five factors, the Court concludes the named convictions are admissible for impeachment purposes under Rule 609. The first factor—the impeachment value of the

3

conviction—weighs in favor of admission. Howard's felony convictions for robberies and burglary—crimes of dishonesty, in and of itself has impeachment value. As the Seventh Circuit explained, a person who has committed a serious crime is more likely to lie on the stand than a witness with a clean record. *Schmude*, 556 F.3d at 617. "The fact that the defendant has been convicted of a prior offense may legitimately imply that he is more likely to give false testimony than other witnesses." *United States v. Harding*, 525 F.2d 87, 89 (7th Cir. 1975). Thus, such prior convictions are directly pertinent to the defendant's character for truthfulness or untruthfulness, and the first factor regarding impeachment value weighs in favor of admission.

The second factor—the point in time of the conviction—also weighs in favor of admission. The three convictions are within ten years of Howard's releases from confinement to the commencement of the current offense. Thus, the prior convictions fall squarely within the ten-year period. Since the prior convictions happened relatively close in time to the events charged here, they are more relevant in determining Howard's veracity.

The third factor—the similarity between the past crime and the charged crime—also weighs in favor of admission. The Seventh Circuit has cautioned admitting prior criminal convictions similar to those charged to avoid improper propensity inferences. Nevertheless, such crimes have been properly admitted where the district court has determined the importance of the defendant's credibility outweighed any prejudice. *United States v. Hernandez*, 106 F.3d 737, 740 (7th Cir. 1997). The Court found in *United States v. Kemp* that theft and burglary were not so similar to robbery as to create a prejudicial risk. No. 4:15-cr-00025-TWP-VTW, 2017 WL 3033196 *2 (S.D. Ind. Jul. 18, 2017). Similarly, battery and armed robbery are not so similar to a felon in possession charge as to create an unacceptable risk that the jury will improperly consider

4

the evidence of battery and armed robbery as evidence that Howard committed the felon in possession of a firearm charge.

As to the fourth factor—the importance of Howard's testimony, *i.e.* whether Howard would avoid testifying because of the admission of the prior conviction—the Government acknowledges that if Howard chooses to testify it will likely be his only evidence and thus would seem to be critically important. This would weigh slightly in favor of exclusion. However, as the Government pointed out, it must prove beyond a reasonable doubt that Howard was a felon, and knew he was a felon, prior to possessing the firearm. However this is accomplished, by a stipulation or evidence set forth by the Government, a prior felony conviction of Howard's being admitted for impeachment purposes will not be new information to the jury. Accordingly, the prejudicial effect of the prior convictions is quite low.

The final factor—the centrality of the credibility issue—also weighs in favor of admission. The Government stated that, should Howard testify, it is likely to be his only evidence and will likely conflict with the direct testimony of eyewitnesses. In light of this, Howard's credibility will be of the upmost importance and central to his defense and anything that bears on Howard's credibility will be relevant, therefore the prior convictions have probative value.

Howard has not filed a response in opposition to the Government's request *in limine*. Having reviewed the Government's submission and balancing the factors at this stage of the proceedings, the Court determines the probative value of Howard's prior convictions outweighs any unfair prejudice.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion *in Limine,* (Filing No. 50), regarding Howard's criminal record. An order *in limine* is not a final, appealable

order. If during the course of the trial, counsel believes this ruling should be altered, counsel may approach the bench and request a hearing outside the presence of the jury.

    **SO ORDERED.**

Date: 5/29/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dorie Ann Maryan
MARYAN LAW
doriemaryan@gmail.com

Lawrence Darnell Hilton
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lawrence.hilton@usdoj.gov

Lindsay E. Karwoski
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lindsay.karwoski@usdoj.gov